UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BENJI REED,

                        Plaintiff,

    -against-                                    9:10-CV-1449 (LEK/RFT)

G. TERBUSH,[1]

                        Defendant.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

This civil rights action, initially filed by Plaintiff in the Southern District of New York, was transferred to this District by Order of the Honorable Loretta A. Preska, Chief Judge of the Southern District. See Dkt. No. 3. By Memorandum-Decision and Order filed May 10, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*, and directed Plaintiff to file an amended complaint if he wished to continue with this action. Dkt. No. 11 ("May Order"). Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 14 ("Amended Complaint").

**II. DISCUSSION**

Having previously found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Amended Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if

---

[1] Along with G. Terbush, Plaintiff's Amended Complaint also names the following defendants: Griffin, Brown, S. Miller, D. Martini, Osterhoudt, Meinecke, M. Hetcher, Nigro, A.T. Ramirez, J. Doe #1, J. Doe #2, J. Doe #3, and A. Prack. See Am. Compl. at 1-3. The Clerk is directed to update the docket to reflect the addition of these Defendants.

the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).[2]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, a court must determine whether the plaintiff may properly maintain his complaint before the plaintiff is permitted to proceed with the action *in forma pauperis*. See id.

### A. Standard of Review

In determining whether an action is frivolous, a court must look to see whether the complaint lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court has the duty to show liberality towards *pro se* litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990), and extreme caution should be exercised in ordering sua sponte dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983).  However, a court must also determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.  Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, Harkins v. Eldredge, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. Neitzke, 490 U.S. at 327.

---

[2] Likewise, under 28 U.S.C. § 1915A, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

When reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules provides that a pleading that sets forth a claim for relief must contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Hudson v. Artuz, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other citations omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). While a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009).

3

In his Amended Complaint, Plaintiff raises the following claims: (1) he was denied access to the courts; (2) various personal items were confiscated and/or destroyed; (3) he was issued a false misbehavior report; (4) his procedural due process rights were violated at a disciplinary hearing; (5) he was subjected to inadequate conditions of confinement while placed in the Special Housing Unit ("SHU"); (6) his grievances were not properly investigated; and (7) "torts of negligence" were commited.  See generally Am. Compl.  The Court examines the sufficiency of each of Plaintiff's claims in turn.

**B. Access to the Courts**

Plaintiff's Amended Complaint raises two claims alleging a denial of access to the courts. First, Plaintiff claims that in October 2010, his legal materials were improperly confiscated by SHU personnel. Id. at 3.  Plaintiff alleges that those legal materials were essential to his ability to pursue a challenge to his 2004 conviction and that he has therefore been denied his constitutional right of access to the courts.  Plaintiff intends to challenge the trial court's jurisdiction over his person based on his nationality as a "Moor."  See id. at 5.  Plaintiff's second claim is that his original § 1983 Complaint was returned to him "for no reason" by the "mail room supervisor/coordinator." Id. at 12.  Plaintiff also states that "upon information and belief [D]efendant D. Martini [the mail room supervisor] lost, retained or destroyed plaintiff['s] legal mail that contained his . . . complaint." Id. at 16.

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  An inmate alleging a denial of access to the courts must

4

show "actual injury" as a result of the deficient access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). The cause of the injury must be the inadequacy of the access. Id. at 350-51. Thus, a mere delay in serving some court documents does not state a constitutional claim. Rather, a plaintiff must show that a non-frivolous claim has been frustrated or was being impeded by prison officials. See, e.g., Warbuton v. Underwood, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) (a fourteen day delay in service alone insufficient to establish actual injury); Gillard v. Burge, No. 9:03-CV-1537, 2007 WL 1074789, at *9 (N.D.N.Y. Apr. 5, 2007) (missed deadline in federal case not sufficient to demonstrate actual injury). Accordingly, "a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." Cancel v. Goord, No. 00 CIV 2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (citing Lewis, 518 U.S. at 351).

Read in a light most favorable to Plaintiff, and with due regard to Plaintiff's status as a *pro se* litigant, the Court nevertheless finds that the Amended Complaint, as drafted, does not state a cognizable claim for violation of Plaintiff's constitutional right to access the courts. The Amended Complaint is devoid of factual allegations suggesting that the missing legal material would provide a non-frivolous basis for collaterally attacking his conviction.[3]

Turning to Plaintiff's second claim, even assuming that Defendant Martini improperly interfered with Plaintiff's legal mail, there is no indication that this interference has in any way hindered this action. The Court acknowledges that no actual complaint was received by the

---

[3] It appears that Plaintiff pled guilty to the underlying criminal charge(s) and raised this jurisdictional challenge at sentencing. See Am. Compl. at 22-24.

Southern District for this action. However, the submissions that the Southern District did receive from Plaintiff were "liberally construe[d]" by Judge Preska "as a Complaint," and Judge Preska subsequently transferred the action to this District. Dkt. No. 3. Plaintiff has also been afforded the opportunity to amend those submissions, and did in fact file the Amended Complaint currently before the Court. May Order; Am. Compl. Accordingly, Plaintiff has not alleged any facts to even suggest that this action has been hindered by any improper interference by Defendant Martini, and Plaintiff's claims of denial of access to the courts are dismissed without prejudice.

### C. Destruction/Confiscation of Personal Property

Plaintiff alleges that Defendants Hetcher, Nigro, Meinecke, Osterhoult, Miller, John Doe #1, John Doe #2, and John Doe #3 intentionally destroyed, and/or confiscated his personal property when his legal papers were confiscated. Am. Compl. at 7, 13-14, 17-18. However, the loss of personal property is not a constitutional claim if an adequate post-deprivation remedy is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available"). "'New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action' pursuant to N.Y. Comp. Codes R. & Regs. tit. 7, § 1700.3(b)(4)." Davis v. New York, 311 F. App'x 397, 400 (2d Cir. 2009) (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001)). Accordingly, Plaintiff's claim regarding the loss of personal property is dismissed with prejudice.

### D. False Misbehavior Report

Plaintiff alleges that Defendant Miller issued him a false misbehavior report in connection with the confiscation and/or destruction of the items from his cell.[4] Am. Compl. at 8-9. Plaintiff claims that by raising those accusations, Defendant Miller intentionally "inflict[ed] wanton and unnecessary pain," because he knew that the misbehavior report would cause Plaintiff to be placed in SHU. Id. at 9. It therefore appears that Plaintiff is attempting to raise a constitutional violation against Miller for issuing that report. However, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citation omitted); see also Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986) (citations omitted) ("The filing of a false [misbehavior] report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing."). Accordingly, Plaintiff's claim against Miller for issuing an allegedly false misbehavior report is dismissed without prejudice.

### E. Procedural Due Process Violations at Disciplinary Hearing

Plaintiff claims that after he was issued the misbehavior report, his procedural due process rights were violated at the subsequent disciplinary hearing. Am. Compl. at 8-10, 12, 17-18. More specifically, Plaintiff alleges that Defendant Terbush, the hearing officer, was biased and failed to call witnesses. Id. Plaintiff states that he was "given 16 days of unjustified prehearing SHU confinement" and then sentenced to six months in SHU after being found guilty.[5] Id. at 12. That

---

[4] Plaintiff states that he was charged with possession of Uniform Commercial Code materials, unauthorized exchange, theft of state property, altered item, tampering with property, and contraband. Am. Compl. at 8.

[5] At another point in the Amended Complaint, Plaintiff states that he was confined in SHU for sixty days. Am. Compl. at 9. The Court notes that numerous district courts in this Circuit have found no atypical and significant hardship experienced by inmates who served sentences in SHU of

decision was then allegedly affirmed by Prack. Id. at 13. Plaintiff claims that while confined in SHU, "he was frequently deprived sleep, due to the cell night light . . . , prison gates slamming shut and opening also coupled with the yelling and banging on the doors by mental health inmates." Id. at 9. Mindful of the requirement to liberally construe Plaintiff's *pro se* pleadings, see, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the Amended Complaint sufficiently states a claim such that a responsive pleading from Defendants Terbush and Prack is required. However, this is not a ruling on the merits and the Court draws no conclusions about either the truth of Plaintiff's allegations or about the strength of evidence he might offer to corroborate them.

**F. Conditions of Confinement**

As noted above, Plaintiff states that while confined in SHU, "he was frequently deprived sleep, due to the cell night light . . . , prison gates slamming shut and opining also coupled with the yelling and banging on the doors by mental health inmates." Am. Compl. at 9. While unclear,[6]

---

more than the sixty days in question. See, e.g., Spence v. Senkowski, 91-CV-0955, 1998 WL 214719, at *3 (N.D.N.Y. Apr. 17, 1998) (180 days that plaintiff spent in SHU, where he was subjected to numerous conditions of confinement that were more restrictive than those in general population, did not constitute atypical and significant hardship in relation to ordinary incidents of prison life); accord Husbands v. McClellan, 990 F. Supp. 214, 217-19 (W.D.N.Y. 1998) (180 days in SHU under numerous conditions of confinement that were more restrictive than those in general population not an atypical and significant hardship); Warren v. Irvin, 985 F. Supp. 350, 353-56 (W.D.N.Y. 1997) (161 days in SHU under numerous conditions of confinement that were more restrictive than those in general population not an atypical and significant hardship). However, given the requirement to liberally construe pleadings from *pro se* plaintiffs, it is assumed (solely for the purposes of this Memorandum-Decision and Order) that Plaintiff was confined in SHU for at least six months and not sixty days.

[6] Plaintiff states in his "preliminary statement" that, among other claims, he is "alle[]ging a wanton and un[n]ecessary infliction of pain and deliberate indifference in violation of the [E]ight[h] [A]mendment." Am. Compl. at 1. However, Plaintiff's six "cause[s] of action" fail to include any conditions of confinement claims. Id. at 16-18.

Plaintiff may be attempting to claim that the conditions of his confinement violated the Eighth Amendment. An Eighth Amendment claim based on prison conditions must satisfy "both an objective element – that the prison officials' transgression was 'sufficiently serious' – and a subjective element – that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Here, Plaintiff has failed to identify any of the individuals allegedly responsible for interfering with his sleep. Accordingly, Plaintiff's conditions of confinement claims are dismissed without prejudice. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) (the personal involvement of a defendant is a prerequisite for the assessment of liability in a Section 1983 action).

### G. Investigation of Grievances

Plaintiff claims that Defendants Griffin, Brown, and Ramirez failed to properly investigate his grievances. Am. Compl. at 3, 4, 17. However, "inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." Shell v. Brzezniak, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005); see also Pine v. Seally, No. 9:09-CV-1198, 2011 WL 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("[T]he law is . . . clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials.") (citing Bernstein v. New York, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008)). Accordingly, Plaintiff's claims that the above named Defendants failed to properly investigate his grievances are dismissed with prejudice.

### H. Negligence

Plaintiff states that he "also allege[s] torts of negligence."[7] Am. Compl. at 1. However, "negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (citations omitted); see also Farmer, 511 U.S. at 835 ("deliberate indifference describes a state of mind more blameworthy than negligence") (citation omitted). Any negligence claims that Plaintiff may be attempting to raise are therefore dismissed with prejudice.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that the Clerk edit the docket to add Griffin, Brown, S. Miller, D. Martini, Osterhoudt, Meinecke, M. Hetcher, Nigro, A.T. Ramirez, J. Doe #1, J. Doe #2, J. Doe #3, and A. Prack as Defendants; and it is further

**ORDERED,** that the following claims are **DISMISSED with prejudice**: (1) destruction and/or confiscation of personal property; (2) failure to properly investigate grievances; and (3) negligence; and it is further

**ORDERED,** that the following claims are **DISMISSED without prejudice**: (1) access to the courts; (2) the issuance of a false misbehavior report; and (3) unconstitutional conditions of confinement while placed in SHU; and it is further

**ORDERED,** that Defendants Griffin, Brown, S. Miller, D. Martini, Osterhoudt, Meinecke, M. Hetcher, Nigro, A.T. Ramirez, J. Doe #1, J. Doe #2, and J. Doe #3 are **DISMISSED without prejudice** as Defendants in this action; and it is further

---

[7] Plaintiff has not identified any specific act alleged to have been negligent. See Am. Compl.

**ORDERED,** that upon receipt from Plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshall for service upon the remaining Defendants, Terbush and Prack. The Clerk shall forward a copy of the Summons and Complaint to the Office of the New York Attorney General, together with a copy of this Memorandum-Decision and Order; and it is further

**ORDERED,** that a response to Plaintiff's procedural due process claims be filed by Defendants Terbush and Prack, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED: April 10, 2012
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge